**UNITED STATES of America, Appellee,**

v.

**Anthony CHUKWURA, Defendant–
Appellant.**

**No. 433, Docket 96–1130.**

United States Court of Appeals,
Second Circuit.

Submitted Oct. 9, 1996.

Decided Oct. 11, 1996.

Opinion Filed Nov. 26, 1996.

(Daniel R. Williams, New York City,
Moore & Williams, L.L.P., of counsel), for
Defendant–Appellant.

(Andrew J. Frisch, Assistant United States
Attorney for the Southern District of New
York, Brooklyn, NY, Zachary W. Carter,
United States Attorney, Emily Berger, Assistant United States Attorney, of counsel),
for Appellee.

Before LUMBARD, OAKES, and
MAHONEY,* Circuit Judges.

PER CURIAM:

Defendant-appellant Anthony Chukwura
appeals from a judgment entered February
21, 1996, in the United States District Court
for the Eastern District of New York (I. Leo
Glasser, Judge), that convicted him, after a
jury trial, of entering the United States after
deportation without permission of the Attorney General, in violation of 8 U.S.C. § 1326.[1]
Chukwura was fined $5,000, assessed $50,
and sentenced to 12 months' imprisonment
and three years of supervised release.

Chukwura challenges his conviction primarily on the grounds that the initial order
excluding him issued unlawfully. While we
find that contention without merit, we hold
that Chukwura was not deported by the initial court order so as to bring his reentry
within the scope of conduct prohibited by 8
U.S.C. § 1326, and accordingly reverse his
conviction.

**BACKGROUND**

Chukwura, a Nigerian national, was excluded from the United States by an order
issued by the United States District Court
for the Northern District of Georgia (J.
Owen Forrester, Judge) ("Departure Order"), as a condition of the supervised release
portion of a criminal sentence after Chukwura pled guilty to charges of bank fraud

---

* The Honorable J. Daniel Mahoney, who was a
member of the panel, died on October 23, 1996,
and the appeal is being decided by the remaining
two members of the panel, who are in agreement. See Local Rule § 0.14(b). However, it
should be noted that, before his death, Judge
Mahoney had substantially drafted the opinion
that follows.

1. 8 U.S.C. § 1326(a) reads:
    (a) ... [A]ny alien who-
    (1) has been arrested and deported or excluded and deported, and thereafter

(2) enters, attempts to enter, or is at any time
found in, the United States, unless (a) prior to his
reembarkation at a place outside the United
States or his application for admission from foreign contiguous territory, the Attorney General
has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien
previously excluded and deported, unless such
alien shall establish that he was not required to
obtain such advance consent ...
shall be fined under Title 18, or imprisoned not
more than 2 years, or both.

and fraudulent use of a social security number in violation of 18 U.S.C. § 1344 and 42 U.S.C. § 408(g)(2), respectively. INS proceedings to deport Chukwura were instituted, but before those orders could be fully appealed, Chukwura was escorted out of the United States on the independent authority of the Departure Order. The Eleventh Circuit affirmed the validity of the Departure Order, taking the unique position that deportation authority of district judges under 18 U.S.C. § 3583(d) [2] was coextensive with that of the INS. *United States v. Chukwura,* 5 F.3d 1420, 1423 (11th Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 102, 130 L.Ed.2d 51 (1994).[3]

Chukwura served the custodial portion of his initial bank and Social Security fraud sentence and was released from prison on August 10, 1992. Thereafter, on November 4, 1994, the United States District Court for the Northern District of Georgia enforced its Departure Order and Chukwura was escorted out of the United States. On August 13, 1995, Chukwura was arrested upon attempting to reenter the United States at New York's John F. Kennedy Airport. He was subsequently convicted by a jury of unlawful reentry after deportation, and this appeal followed.

## DISCUSSION

Our disagreement notwithstanding, *see United States v. Olvera,* 954 F.2d 788, 793 (2d Cir.1992), the Eleventh Circuit's ruling in *Chukwura,* 5 F.3d at 1423,[4] is the law of this case, and Chukwura's appeal on the basis of the unlawfulness of the Departure Order is unavailing.

We are of the view, however, that Chukwura was not deported by the Departure Order, and that, having fully complied with

the terms thereof, his reentry was lawful. The Georgia judgment speaks only of exclusion for the three-year period of supervised release, and places no conditions (such as permission of the Attorney General) on reentry after such period. It reads, in pertinent part, "During the period of Supervised Release, the defendant shall depart the United States. He shall not return during the period of Supervised Release." There is also evidence from the district judge himself that he did not believe that he was permanently "deporting" Chukwura. In sentencing Chukwura, Judge Forrester stated, "The first condition of supervised release is that you ... depart the United States and reside beyond its borders for three years, that if you for any reason return and live in the United States, that during the period of supervised release you may not have a bank account." On another occasion, when confronted with an argument that he had improperly circumvented INS procedures, Judge Forrester retorted, "I did not order [Chukwura] deported." While there is some equivocation in the record about what Judge Forrester intended by his Departure Order, we are of the view that he did not deport Chukwura.

The Eleventh Circuit, in affirming the Departure Order, was aware of its limited nature. The government did *not* argue to the Eleventh Circuit that Chukwura could be or had been permanently deported by the district court; they only asserted that "the district court could properly order Chukwura to serve the period of the supervised release outside the country." *Chukwura,* 5 F.3d at 1423. Although the Eleventh Circuit articulated the broad principle that federal judges' deportation authority is coextensive with that of the INS., *id.,* there is no reason to believe that Judge Forrester exercised the full extent of that authority here. Judge Forrester

**2.** That provision reads, in relevant part, "If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation."

**3.** In 1994, Congress amended 8 U.S.C. § 1252a(d) to give district courts circumscribed

authority to deport without resort to INS proceedings, but requiring the courts, *inter alia,* to obtain the consent of the U.S. Attorney and Commissioner of the INS before doing so.

**4.** The Eleventh Circuit has reaffirmed its concededly minority position since the parties briefed this case, and the Supreme Court has agreed to hear a challenge to it. *See United States v. Oboh,* 92 F.3d 1082 (11th Cir.), *cert.*

only ordered Chukwura to depart for the three-year term of supervised release, a fact recognized by the Eleventh Circuit in reaching its holding. *Id.*

Chukwura's period of supervised release had expired and he had fully complied with Judge Forrester's Order when he reentered,[5] the conduct for which he has here been held criminally liable. 8 U.S.C. § 1326 applies only to an alien who has been "deported" and then attempts unauthorized reentry. In our view, Judge Forrester did not "deport" Chukwura as that term is employed in 8 U.S.C. § 1326, and that statute did not criminalize attempted reentry after Chukwura had fully complied with the Departure Order.

## CONCLUSION

The judgment of conviction of the district court is reversed.

*granted, sub nom. Ogbomon v. U.S.,* 65 U.S.L.W. 3217 (1996).

**5.** By the government's own count, the three-year period of Chukwura's supervised release had expired. The custodial portion of Chuk-wura's sentence was completed on August 10, 1992 (Appellee's Brief on Appeal at 7); Chukwura was arrested on attempting reentry at JFK on August 13, 1995 (Appellee's Brief on Appeal at 3), three days after his three-year period of supervised release ended.